UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FOLSOM CAMP SITES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-6727** |
| **DAWN G. CHIASSON** | **SECTION I** |

## ORDER AND REASONS

Folsom Camp Sites, LLC ("Folsom") has filed a motion[1] to remand the above-captioned matter to state court. The Federal Deposit Insurance Corporation ("FDIC"), as Receiver of First NBC Bank, originally removed[2] the case on July 13, 2017, and opposes the motion.[3] Dawn Chiasson ("Chiasson") also opposes[4] the motion.[5]

Folsom filed a state court petition to annul the sale of a "parcel of immovable property situated in the Parish of Washington" to Chiasson at a tax sale.[6] Folsom alleges that the Sheriff of Washington Parish—the parish official responsible for overseeing tax sales—"did not exercise reasonable diligence in attempting to locate"

---

[1] R. Doc. No. 6.
[2] R. Doc. No. 1.
[3] R. Doc. No. 10.
[4] R. Doc. No. 11.
[5] Folsom, Chiasson, and the FDIC are the only parties to have appeared in this case before the Court.
[6] R. Doc. No. 1-7, at 3; *see also id.* at 3-6.

1

Folsom before the tax sale.[7]  Folsom contends that its federal and state constitutional rights were violated as a result.[8]

First NBC Bank[9] held a "Multiple Indebtedness Mortgage" secured by the parcel, as well as held an "Assignment of Leases and Rents" on the parcel.[10]  The FDIC, as Receiver of the First NBC Bank, has succeeded First NBC Bank as the holder of the mortgage and assignment.[11]

After being appointed Receiver, the FDIC removed the case from state court pursuant to Title 12, United States Code, § 1819.  Section 1819 provides that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States."  12 U.S.C. § 1819(b)(2)(A).  Section 1819 further provides that the FDIC "may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party."  *Id.* § 1819(b)(2)(B).  Folsom does not dispute that the FDIC removed the case from state court within 90 days of being substituted as a party in the case, as § 1819 requires.[12]

---

[7] *Id.* at 5.
[8] *Id.*
[9] The state court pleadings incorrectly identify First NBC Bank as the First National Bank of Commerce.  *See* R. Doc. No. 1-3, at 3.
[10] *Id.* at 5-6, 9.
[11] R. Doc. No. 1, at 2.
[12] *See* R. Doc. No. 4-1.

2

Instead, Folsom points to another provision of § 1819, which spells out an exception to the FDIC's general right to removal. Under this exception, "any action" that meets several requirements "shall not be deemed to arise under the laws of the United States." *Id.* § 1819(b)(2)(D); *see id.* § 1819(b)(2)(D)(i)-(iii). One of those requirements—the only one that the FDIC and Chiasson dispute is not met[13]—is that only the interpretation of state law is necessary to resolve the action. *Id.* § 1819(b)(2)(D)(iii). Interpreting this requirement, the Fifth Circuit in *Diaz v. McAllen State Bank*, 975 F.2d 1145 (5th Cir. 1992), held that the federal issues in a case removed by the FDIC under § 1819 need not appear on the face of the well-pleaded complaint to defeat remand, but "must be colorable, not frivolous." *Diaz*, 975 F.2d at 1149. In so holding, the Fifth Circuit concluded that even a "defense that raises colorable issues of federal law" will prevent remand. *Id.* at 1149-50. For an issue to be "colorable," it must be "plausible"; it need not be "clearly sustainable." *Texas v. Kleinert*, 855 F.3d 305, 313 (5th Cir. 2017).

Having reviewed the state court pleadings filed in this case,[14] the Court concludes that this action raises colorable issues of federal law and remand is therefore inappropriate. In its state court petition, Folsom alleges that it did not receive constitutionally adequate notice prior to a piece of its property being sold at a tax sale.[15] More specifically, Folsom's petition alleges that "[t]he deprivation of [Folsom's] property arising out of the facts of this case clearly constitute a deprivation

---

[13] *See* R. Doc. No. 10, at 2-4; R. Doc. No. 11.
[14] *See* R. Doc. No. 1-7; R. Doc. No. 1-8; R. Doc. No. 1-9.
[15] *See* R. Doc. No. 1-7.

3

of their property without due process of law in accordance with both the *federal* and state constitutions" and it points to the Fourteenth Amendment to the U.S. Constitution as a basis for its legal position.[16]

Folsom's allegations in its petition clearly raise a colorable federal issue. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800 (1983) (applying *Mullane* in the context of a disputed sale of property at a tax sale and concluding that "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable"); *Jones v. Flowers*, 547 U.S. 220, 225 (2006) (holding that "when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property").

Folsom's argument that this case will only involve the interpretation of state law[17] is self-defeating, as Folsom itself alleges a federal constitutional violation on

---

[16] *Id.* at 4 (emphasis added). Folsom's first supplemental and amended petition, *see id.* at 37-39, amends the original petition, but does not supersede it.

[17] *See* R. Doc. No. 4-1, at 3 ("The case requires the interpretation of only state law, i.e. whether the tax sale should be annulled because of irregularities arising in connection with the 2010 tax sale.").

4

the face of its state court petition. Because the Court concludes that a colorable federal issue appears on the face of Folsom's petition, the Court need not consider whether the FDIC has raised any defenses raising colorable issues of federal law. Moreover, because the Court concludes that the FDIC's removal of the case pursuant to 12 U.S.C. § 1819 was proper, the Court need not consider potential alternative grounds for removal.[18]

Accordingly,

**IT IS ORDERED** that the motion to remand is **DENIED**.

New Orleans, Louisiana, August 18, 2017.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[18] *See* R. Doc. No. 10, at 2 (discussing 28 U.S.C. § 1441).